UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PNC BANK, | ) | |
| NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-01210-NCC |
| | ) | |
| BROTHERS ENTERPRISES, L.L.C., | ) | |
| and RASHID S. ALI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Brothers Enterprises, Inc. and Defendant Rashid S. Ali's Joint Motion for Leave to File Answer to Second Amended Complaint. (Doc. 28.) Defendants concurrently filed their Memorandum in Support. (Doc. 29.) Plaintiff has not responded to the Motion, and the deadline for doing so has passed, so this Motion is ripe for disposition. For the following reasons, Defendants' Motion will be **GRANTED**.

### I. Background

Plaintiff filed its original Complaint on July 23, 2018. (Doc. 1.) Upon consent motion of the parties, Defendants received an extension of time to respond to that Complaint. (Docs. 9, 10.) Defendants timely responded, filing a Motion to Dismiss. (Doc. 11.) In response, Plaintiff filed a First Amended Complaint as a matter of right. (Docs. 13, 15.) Defendants timely answered the First Amended Complaint. (Doc. 16.) Thereafter, Plaintiff sought leave of court to file a Second Amended Complaint "to remedy certain inadvertent errors brought to Plaintiff's attention by Defendants' Answer." (Docs. 20, 21.) Plaintiff's Motion for Leave to File Second Amended Complaint was unopposed, as Defendants consented to the filing of the Second

Amended Complaint. (Docs. 20, 21-1.) The Court granted Plaintiff's unopposed Motion on November 7, 2018, and Plaintiff's Second Amended Complaint was docketed. (Docs. 24, 25.) Defendants had fourteen days to respond to the Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3).

On December 12, 2018, Plaintiff filed a Motion for Entry of Default by the Clerk Against Defendants, as Defendants did not answer or otherwise respond to Plaintiff's Second Amended Complaint. (Docs. 26, 27.) The next day, Defendants filed this instant Motion, seeking leave of court to respond out of time and attaching to the Motion their joint answer to the Second Amended Complaint. (Docs. 28, 28-1.) Defendants also timely filed a Memorandum in Opposition to Plaintiff's motion for entry of clerk's default. (Doc. 30.)

Both parties fully participated in a Scheduling Conference pursuant Rule 16, Fed. R. Civ. P., and a Case Management Order has been entered. (Docs. 18, 22, 23.) The deadline for motions to amend pleadings is January 31, 2019. (Doc. 23.)

## II. Discussion

Federal Rule of Civil Procedure 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the Court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* at 946 (quoting *Pioneer*, 507

U.S. at 395). Important factors to consider include: "(1) the possibility of prejudice to the non-moving party; (2) the length of delay and the possible impact of that delay on judicial proceedings; (3) the reasons for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith." *Id*. The Eighth Circuit has "frequently endorsed the strong judicial policy against default judgments," and has held that a "marginal failure to comply with the time requirements" should not prejudice the non-moving party. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993) (internal quotation and citation omitted). When the judicial disfavor for default is implicated, as in this matter, there is even more justification for allowing an extension of time. *See Chorosevic*, 600 F.3d at 947. A district court has wide discretion in deciding whether to allow a party to submit a late filing and will only be overturned for an abuse of discretion. *Id*.

Taking into account the relevant circumstances in this case, the Court finds the equitable factors weigh in favor of allowing Defendants to respond to Plaintiff's Second Amended Complaint—particularly given Defendants' continued involvement in this case and repeated willingness to extend professional courtesies to Plaintiff. First, Plaintiffs have not indicated the brief delay has prejudiced them or that it will have any impact on the proceedings, and the Court finds no reason to believe that any such prejudice exists. For example, Plaintiff's Second Amended Complaint did not add any new counts or additional substantive allegations. (*Compare* Doc. 16 *and* 25.) In fact, the sole reason Plaintiff filed the Second Amended Complaint was to "remedy certain inadvertent errors" that Plaintiff conceded were brought to its attention by Defendants. (Docs. 20, 21.)

Second, and relatedly, the delay was insignificant. Defendants' delay in filing is fewer than twenty days total after the deadline. This litigation is in its earliest stages, no deadlines

under the Case Management Order other than initial disclosures have passed, and the deadline to amended pleadings is over a month away. (Doc. 23.) Thus, this short delay will not have a significant impact in this case, particularly given that Defendants' proposed answer to the Second Amended Complaint is nearly identical to Defendants' previous answer. *See*, *e.g.*, *Oberstar*, 987 F.2d at 504 (finding twenty-two day delay did not prejudice non-moving party); *Commc'ns Unlimited Contracting Servs., Inc. v. Broadband Infrastructure Connection, LLC*, No. 4:16-CV-00516, 2016 WL 6248082, at *2 (E.D. Mo. Oct. 26, 2016) (finding no prejudice when there was twenty-nine day delay between deadline for defendant's answer to amended complaint and filing of motion); *Zzipline, LLC v. Sols. Grp., Inc.*, No. 4:12CV994 JAR, 2012 WL 3150584, at *2 (E.D. Mo. Aug. 2, 2012) ("At this early stage of the litigation, there is no apparent 'impact on judicial proceedings' or prejudice to Defendants caused by Plaintiff's delay of 23 days."). If the Court were to deny leave to file an answer out of time for Defendants' "marginal failure to comply with time requirements," it would impose on Defendants "a severe penalty unmatched by any prejudice" to Plaintiff. *See Chorosevic*, 600 F.3d at 947; *Oberstar*, 987 F.2d at 504.

Third, Defendants have provided a satisfactory reason for their failure to respond. Defendants explained that counsel failed to properly calendar the due date, and through other inadvertence, mistake, and oversight, failed to file Defendants' Joint Answer to the Second Amended Complaint. (Doc. 29 at 2.) *See Pioneer*, 507 U.S. at 395 n.14 (quotation omitted) (rejecting the position that judges may "take account of the full range of equitable considerations only if they have first made a threshold determination that the movant is sufficiently blameless in the delay."); *see also Chorosevic,* 600 F.3d at 946–47 (emphasis in original) (rejecting plaintiff's argument that the district court should have required a more satisfactory explanation for the missed deadline before considering the other equitable factors and making a finding of excusable

neglect; noting that "a finding of sufficient innocence on the part of the movant *is not a condition precedent to our obligation to consider the other equitable factors*").

Fourth, Defendants' explanation indicates the delay was caused by an inadvertent mistake and not by any bad faith. Defendants missed a single deadline in this case, and, upon realizing the mistake, made a prompt and appropriate filing to attempt to remedy it. As the docket reflects, Defendants have actively defended this case and participated in this litigation. For example, Defendants filed a motion to dismiss, filed a joint answer, and actively participated in the Rule 16 Scheduling Conference process. *See*, *e.g.*, *Chorosevic*, 600 F.3d at 946–47 (affirming finding of excusable neglect and allowing answers to be filed seven months late where the failure to file an answer was based on an "inadvertent oversight" but there was no bad faith and no prejudice); *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782–83 (8th Cir. 2001) (finding excusable neglect where defendant failed to file an answer because of recording error by legal department); *Piccinino v. Papa John's, USA, Inc.*, No. 4:18-CV-1197-SPM, 2018 WL 4853122, at *2 (E.D. Mo. Oct. 5, 2018) (allowing party leave to file answer out of time under Rule 6(b)(1) when inadvertent deadline mistake resulted from miscommunication between lead counsel and associate); *Precinct, Inc. v. MWS, LLC*, No. 4:13CV2391 SNLJ, 2014 WL 3734276, at *2 (E.D. Mo. July 28, 2014) (finding good cause for allowing defendant to file answer out of time when defendant "was clearly actively litigating this matter," filing a motion to dismiss, expressing an intent to file an answer, and promptly filing motion for leave to file answer out of time once it realized mistake).

Therefore, finding good cause, the Court will exercise its discretion and allow Defendants to file an answer to Plaintiff's Second Amended Complaint out of time. To rule otherwise under the circumstances of this case would go against "'[t]he judicial preference for adjudication on the

merits[, which] goes to the fundamental fairness of the adjudicatory process.'" *Chorosevic*, 600 F.3d at 947 (alterations in original) (quoting *Oberstar*, 987 F.2d at 504).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion for Leave to File Answer to Second Amended Complaint (Doc. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall detach and file Defendants' Joint Answer to Plaintiff's Second Amended Complaint and Affirmative Defenses (Doc. 28-1), submitted as an attachment to the instant Motion.

Dated this 21st day of December, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE